

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 3, 1958

Colonel O. B. Ellis
Director, Texas Department
  of Corrections
Huntsville, Texas

Opinion No. WW-336

Re: Authority of the Texas
Department of Correc-
tions to pay the Hunts-
ville and Madisonville
Fire Departments for
services performed in
extinguishing a fire
on prison property.

Dear Colonel Ellis:

Your request for an opinion states that:

"On October 28, 1957, we had a fire at Fer-
guson Farm . . . resulting in a loss of approxi-
mately $50,000. The volunteer fire departments of
the city of Huntsville and the city of Madisonville
came to our rescue. Without their aid, we would
have lost another $25,000 building. Unfortunately,
during the fire at Ferguson, a residence burned in
Huntsville. In all probability, the residence would
have been saved had the fire department been at home."

Your supplemental letter further specifies that:

"The fire departments of Huntsville and Madi-
sonville were called. The statement given to them
was to the effect that the main building was on
fire; that our equipment was inadequate; and that
unless we had some help we would lose everything.
There was no mention made of a fee, but the fact
that we urged them to go to an area outside their
jurisdiction, in my opinion, constitutes an im-
plied obligation."

The question you ask is whether the Texas Depart-
ment of Corrections may pay a bill for the reasonable value
of the services rendered by the Fire Departments of the City
of Huntsville and the City of Madisonville.

Section 44, Article III of the Constitution of Texas provides in part as follows:

"The Legislature . . . shall not grant extra compensation to any . . . public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; . . ."

The courts have uniformly adhered to a rule of strict construction of this portion of the Constitution, and have held that "no one has authority to make a contract binding on the State, except where he is authorized so to do by the Constitution or a pre-existing statute." State v. Ragland Clinic-Hospital, 159 S.W.2d 105 (S.Ct.). In that case, a Texas Liquor Control Board agent shot a person during a raid and took him to the hospital for treatment, stating that the Liquor Board would pay the bill. In holding that the State was not bound by the contract, the Supreme Court quoted and discussed the provisions of the Constitution above mentioned, and held that the terms of the Liquor Control Act could not be expanded by implication, and that the doctrine of apparent authority could not be employed to expand the authority of the agents of the State.

In State v. Steck Company, 236 S.W.2d 866, writ ref., the second of a series of contracts for the printing of stamps was not executed in accordance with the requirements of the statute. The stamps were delivered to and used by the State. Payment was declined, and this suit was brought for the value of the stamps. The Court held that the fact that the State used the plaintiff's property did not authorize payment therefor in the absence of a binding contract. The Court said:

"If appellee had refused to make delivery of the stamps under the contract, the State could not have compelled the performance. . . . a legal obligation against the State was not created by the unauthorized contract, and appellee's claim was not provided for by 'pre-existing law'."

Colonel O. B. Ellis, page 3   (WW-336)


        From these and many other authorities, we believe
that it is an inescapable conclusion that the State cannot be
bound by an implied contract.  Therefore, it is our opinion
that the Texas Department of Corrections is not authorized to
pay the Huntsville and Madisonville Fire Departments for
services performed in extinguishing a fire on prison property.

## S U M M A R Y

The Texas Department of Corrections is
        not authorized to pay the Huntsville and
        Madisonville Fire Departments for services
        performed in extinguishing a fire on prison
        property, in the absence of pre-existing
        law authorizing contracts for such services.

                        Yours very truly,

                        WILL WILSON
                        Attorney General of Texas

                    By  Ralph R. Rash
                        Assistant

RRR:jl:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

W. V. Geppert

Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL
BY:  James N. Ludlum